UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.

LAZARO GORRIN,

       Plaintiff,

v.

E.D.Y. INC. d/b/a Surf Style,

       Defendant.
_____/

**COMPLAINT**

Plaintiff, LAZARO GORRIN, by and through his undersigned attorney, files this Complaint against Defendant, E.D.Y. INC. d/b/a Surf Style, a Florida corporation, and states as follows:

**PARTIES, VENUE, and JURISDICTION**

1. This is an action to recover unpaid overtime and minimum wages under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et. seq, (hereinafter "FLSA").

2. The court has jurisdiction based on 29 U. S.C. §216(b).

3. Plaintiff, LAZARO GORRIN (hereinafter referred to as "Plaintiff") was an employee of Defendant. He was paid by Defendant and performed work for Defendant.

4. Defendant E.D.Y. INC. (hereinafter referred to as "Defendant") is a retail business operating primarily on Miami Beach. By way of operating this business, Defendant is engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s). Defendant does business under the

name Surf Style.  Plaintiff's paychecks are purported to be paid by "E.D.Y. Inc. d/b/a Surf Style."

5. Defendant has two or more employees who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

6. Upon information and belief, Defendant exceeds the $500,000 annual gross revenue threshold needed to be covered under the FLSA.

7. This Court has jurisdiction over Defendant because it engages in substantial business activity within the District, Plaintiff was employed in the District, and all of the allegations in this Complaint occurred in the District.

8. Venue is proper due to the unlawful employment practices alleged occurring in the county of Miami-Dade.

## FACTS

9. Plaintiff was hired by Defendant in March 2019 as a retail worker.  His job duties included working the floor, stocking shelves, cleaning, and cashiering.

10. At first, he was paid an hourly wage and received overtime compensation (albeit incorrectly).  However, in August 2019, Defendant converted Plaintiff's hourly wage to an inconsistent "salary" and no longer received any overtime compensation.

11. The new set salary did not come with any new job duties or responsibilities.

12. Defendant also paid Plaintiff commissions on items sold.  As the FLSA dictates, commissions are considered part of an employee's compensation and must be included in the regular rate of pay when calculating overtime pay.  Defendant did not include these commissions in determining Plaintiff's overtime pay when he was paid hourly.  These commissions must be included in determining Plaintiff's overtime rate for his unpaid

overtime when he was paid a salary as well.

13. Plaintiff regularly worked 50+ hours per week.  These hours include a scheduled 50 hours per week plus an additional amount of off the clock work.

14. Off the clock work included 30-45 minutes of work either before the store opened or after the store closed to prepare for the day before customers were let in or to close up after customers left.  Plaintiff was not allowed to clock in until the store opened and forced to clock out when the store closed despite having to do extra work.

15. Despite working more than 40 hours per week, while Plaintiff was a salaried employee, he did receive overtime compensation.

16. Even though Plaintiff had the job duties of a regular blue collar worker, Defendant categorized and paid Plaintiff as if he were an overtime exempt employee under the FLSA.  Plaintiff did not qualify for any FLSA exemption.

17. The FLSA mandates that an unexempt employee be paid 1.5x the regular rate of pay for any hours worked over 40 in a work week.

18. Defendant knowingly and willfully failed to pay Plaintiff his lawfully earned wages in compliance with the FLSA and is liable for monetary damages.

19. Records of the number of hours worked each week by Plaintiff are required to be in possession of Defendant.  However, Defendant did not accurately record the hours worked by Plaintiff thus Defendant is not likely able to produce an accurate account of the hours actually worked by Plaintiff.

20. In determining its payment policies, specifically declaring the position of Retail Worker to be an exempt position, Defendant did not consult an attorney.

21. In determining its payment policies, specifically declaring the position of Retail Worker

to be an exempt position, Defendant did not consult an accountant.

22. By intentionally failing to properly determine how overtime laws apply to Plaintiff, Defendant has shown reckless disregard for the FLSA. Due to this, Defendant is liable for an additional equal amount of damages to Plaintiff in the form of liquidated damages.

23. Plaintiff has hired the undersigned attorney and law firm to represent him in this matter and is obligated to pay attorney's fees.

## COUNT I
## VIOLATION OF 29 U.S.C. § 207
### (Failure to Record Hours)

24. Plaintiff repeats and realleges Paragraphs 1 through 23 as if fully set forth herein.

25. For the entirety of his employment, Defendant restricted Plaintiff's ability to record all of his hours worked in the form of requiring work both before the store opened and after it had closed but only allowing hours to be recorded while the store was open. This resulted in an under compensation of approximately 30-45 minutes per day.

26. In any weeks that Plaintiff worked over 40 hours and received an hourly wage, Plaintiff is owed overtime pay for these unrecorded hours in the amount 1.5x his regular rate of pay.

27. By failing to compensate Plaintiff at a rate of not less than 1.5x his regular rate of pay for work performed in excess of forty hours in a workweek, Defendant has violated the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. § 207(a)(1) and §215(a).

28. By failing to record, report, and/or preserve records of hours worked by Plaintiff, Defendant has failed in its duty as an employer prescribed under the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. § 211(c) and § 215(a).

29. Defendant's conduct is a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

30. Defendant owes the Plaintiff for the hours worked in excess of 40 hours in a workweek at a rate of not less than 1.5x his regular rate of pay for each of those hours.

31. Defendant failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

32. Due to Defendant's willful disregard of the FLSA, Plaintiff is entitled to liquidated damages.

33. Defendant knowingly and willfully failed to pay Plaintiff 1.5x his regular rate of pay for all hours worked in excess of forty (40) per week.  Accordingly, Plaintiff has suffered damages for unpaid overtime wages, plus an equal amount in liquidated damages, costs and reasonable attorneys' fees.

**COUNT II**
**VIOLATION OF 29 U.S.C. § 207**
**(Failure to Include Commissions)**

34. Plaintiff repeats and realleges Paragraphs 1 through 23 as if fully set forth herein.

35. For the entirety of his employment, Defendant failed to include commissions when calculating his regular rate of pay.

36. Overtime is to be calculated by adding up all compensation received in a work week and dividing by all hours worked to come up with a regular rate of pay.  This regular rate is multiplied by 1.5 to get the overtime rate.  This rate is then multiplied by the amount of hours worked over 40 to calculate owed overtime.

37. In any weeks that Plaintiff worked over 40 hours, received an hourly wage, and made a commission, Defendant owes Plaintiff extra overtime pay to account for these commissions.

38. By failing to compensate Plaintiff at a rate of not less than 1.5x his regular rate of pay for work performed in excess of forty hours in a workweek, Defendant has violated the

FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. § 207(a)(1) and §215(a).

39. By failing to record, report, and/or preserve records of hours worked by Plaintiff, Defendant has failed in its duty as an employer prescribed under the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. § 211(c) and § 215(a).

40. Defendant's conduct is a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

41. Defendant owes the Plaintiff for the hours worked in excess of 40 hours in a workweek at a rate of not less than 1.5x his regular rate of pay for each of those hours.

42. Defendant failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

43. Due to Defendant's willful disregard of the FLSA, Plaintiff is entitled to liquidated damages.

44. Defendant knowingly and willfully failed to pay Plaintiff 1.5x his regular rate of pay for all hours worked in excess of forty (40) per week.  Accordingly, Plaintiff has suffered damages for unpaid overtime wages, plus an equal amount in liquidated damages, costs and reasonable attorneys' fees.

**COUNT III**
**VIOLATION OF 29 U.S.C. § 207**
**(Misclassification)**

45. Plaintiff repeats and realleges Paragraphs 1 through 23 as if fully set forth herein.

46. Beginning in August 2019 and continuing until January 2020, Defendant converted Plaintiff's hourly wage to a salary that varied between $525 to $1000 every two weeks. During these weeks, Plaintiff did not receive any overtime compensation for work performed over 40 hours per week.

47. Plaintiff was not an exempt employee and was therefore owed overtime for these

additional hours.

48. In any weeks that Plaintiff worked over 40 hours and received a salary, Plaintiff is owed overtime pay.

49. Plaintiff's regular rate during these salaried weeks consists of his salary, recorded hours, the 30-45 minutes per day in unrecorded hours, and any paid commissions.

50. By failing to compensate Plaintiff at a rate of not less than 1.5x his regular rate of pay for work performed in excess of forty hours in a workweek, Defendant has violated the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. § 207(a)(1) and §215(a).

51. By failing to record, report, and/or preserve records of hours worked by Plaintiff, Defendant has failed in its duty as an employer prescribed under the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. § 211(c) and § 215(a).

52. Defendant's conduct is a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

53. Defendant owes the Plaintiff for the hours worked in excess of 40 hours in a workweek at a rate of not less than 1.5x his regular rate of pay for each of those hours.

54. Defendant failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

55. Due to Defendant's willful disregard of the FLSA, Plaintiff is entitled to liquidated damages.

56. Defendant knowingly and willfully failed to pay Plaintiff 1.5x his regular rate of pay for all hours worked in excess of forty (40) per week. Accordingly, Plaintiff has suffered damages for unpaid overtime wages, plus an equal amount in liquidated damages, costs and reasonable attorneys' fees.

## COUNT IV
## VIOLATION OF 29 U.S.C. § 206

57. Plaintiff repeats and realleges Paragraphs 1 through 23 as if fully set forth herein.

58. At all times relevant, Defendant has been, and continues to be, an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. 203

59. The minimum wage for Florida during Plaintiff's employment with Defendant was $8.46 per hour.

60. For at least one two-week pay period, Plaintiff was paid $525 for at least 91 hours 30 minutes of work based on Defendant's time keeping system. These hours do not include any off the clock work.

61. The pay period of September 1, 2019 through September 14, 2019 Plaintiff worked 52 hours 28 minutes during the first week and 39 hours and 2 minutes during the second week. $525 divided equally amongst the weeks means Plaintiff received $262.50 for each work week. This means his hourly wage for the first week was $5.003 and his hourly wage for the second week was $6.725.

62. Employers must pay at least a minimum wage to all employees under 29 U.S.C. §206.

63. Defendant owes the difference between the minimum wage and the paid wage for any week the paid wage fell below the minimum.

64. Defendant knowingly failed to pay Plaintiff a minimum wage for at least 1 week (and in this case 2).

## COUNT V
## Unpaid Wages

65. Plaintiff repeats and realleges Paragraphs 1 through 23 as if fully set forth herein.

66. For the entirety of his employment, Defendant restricted Plaintiff's ability to record all of his hours worked in the form of requiring work both before the store opened and after it had closed but only allowing hours to be recorded while the store was open. This resulted in an under compensation of approximately 30-45 minutes per day.

67. In any weeks that Plaintiff received an hourly wage, Plaintiff is owed pay for these unrecorded hours at his regular rate of pay.

68. It is believed that Plaintiff received an hourly wage of $10 per hour when he was an hourly worker.

69. By failing to compensate Plaintiff at a rate of not less than 1.5x his regular rate of pay for work performed in excess of forty hours in a workweek, Defendant has violated the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. § 207(a)(1) and §215(a).

70. By failing to record, report, and/or preserve records of hours worked by Plaintiff, Defendant has failed in its duty as an employer prescribed under the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. § 211(c) and § 215(a).

71. Defendant's conduct is a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

72. Defendant owes the Plaintiff for the hours worked in excess of 40 hours in a workweek at a rate of not less than 1.5x his regular rate of pay for each of those hours.

73. Defendant failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

74. Due to Defendant's willful disregard of the FLSA, Plaintiff is entitled to liquidated damages.

75. Defendant knowingly and willfully failed to pay Plaintiff 1.5x his regular rate of pay for all hours worked in excess of forty (40) per week. Accordingly, Plaintiff has suffered

damages for unpaid overtime wages, plus an equal amount in liquidated damages, costs and reasonable attorneys' fees.

WHEREFORE, Plaintiff, LAZARO GORRIN, respectfully requests that judgment be entered in his favor against Defendant as follows:

A. Declaring that Defendant violated the overtime provisions of 29 U.S.C. § 207;

B. Declaring that Defendant violated the minimum wage provisions of 29 U.S.C. §206;

C. Awarding Plaintiff overtime compensation;

D. Awarding Plaintiff minimum wage compensation;

E. Awarding Plaintiff liquidated damages;

F. Awarding Plaintiff reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b);

G. Awarding Plaintiff post-judgment interest; and

H. Ordering any other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: 6/24/2021.

Respectfully submitted,

  /s/ R. Edward Rosenberg
R. Edward Rosenberg, Esquire
Fla. Bar No.: 88231
Sorondo Rosenberg Legal PA
1825 Ponce de Leon Blvd. #329
Coral Gables, FL 33134
E: rer@sorondorosenberg.com
T: 786.708.7550
F: 786.204.0844

Attorney for Plaintiff